Dear Mr. Downs:
You have requested the opinion of this office as to the validity and mandatory applicability of Act 826 of the 1993 Regular Session, subsequently enacted as LSA-R.S. 17:493.1. You are concerned with the mandate in the statute that deals with filling the vacancy when a school bus operator is needed. Section A of LSA-R.S. 17:493.1 states the following:
 "Whenever a school bus operator is needed to drive a route serviced by a bus owned by a city parish school system or by a contract bus driver paid compensation for non-passenger miles, whether that route is newly created or has been vacated by a previous operator, the school bus operator who has acquired tenure and who resides closest to the vacant route shall be offered the opportunity to and may change from driving his route to the vacant route before another driver is selected. If the tenured bus operator residing closest to the vacant route chooses not to change to the vacant route, the route may then be offered to a nontenured bus operator. If a tenured bus operator chooses to change routes, his then vacant route shall be filled using the process described in this Subsection."
You have indicated that Rapides Parish has more than two hundred and fifty (250) bus drivers and if the drivers are contacted serially in order of seniority, filling the initial vacancy could take months and then of course the domino effect could require more months to fill the subsequent vacancies created by the senior driver's acceptance of the new route.
Although the statute mandates that the tenured bus operator residing closest to the vacant route shall be offered the opportunity to change from driving his route to a vacant route, the statute does not mandate that the vacant route be offered to a nontenured bus operator. Since, the statute uses the permissive word "may" in allowing the route to be offered to a nontenured bus operator, filling the vacancy should not be as cumbersome as it would appear.
Article 2 of Louisiana Civil Code states that "Legislation is a solemn expression of legislative will." Additionally, jurisprudence provides:
 A long recognized and well established principle of judicial interpretation of a state constitution is that, unlike the federal constitution, the provisions of a state charter are not grants of power but instead are limitations on the otherwise plenary power of the people exercised through its legislature. In its exercise of the entire legislative power of the state, the legislature may enact any legislation the state constitution does not prohibit. Thus, to hold legislation invalid under the state constitution, it is necessary to rely upon some particular constitutional provision that limits the power of the legislature to enact the statute assailed. (Emphasis our own).
The State Bond Commission vs. All Taxpayers, Property Owners, and Citizens of the State of Louisiana 510 So.2d 662, 664 (La. 1987) citing Board of Elementary and Secondary Education v. Nix,347 So.2d 147 (La. 1977).
Since the Louisiana Constitution of 1974 is void of any particular constitutional provision that limits the power of the legislature to enact LSA-R.S. 17:493.1 and since the provisions of the statute are mandatory as opposed to permissive, the Rapides Parish School Board is required to comply with the mandates of the statute.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Respectfully submitted,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/pb/0682p